## WALTON, et al. v LEWIS
### Case No. MC-90-21085-RB
County Court, Palm Beach County

February 19, 1991

### APPEARANCES OF COUNSEL

**Gloria North, Esquire,** for plaintiffs.

**Mary C. Wilson, Esquire,** Florida Rural Legal Services, Inc., for defendant.

### OPINION OF THE COURT

ELIZABETH T. MAASS, County Judge.

### *FINAL JUDGMENT*

THIS CAUSE came before the Court for Final Hearing February 11, 1991, with Defendant and a representative of Plaintiff present and

both parties well represented by counsel. Based on the evidence presented the Court makes the following findings of fact and conclusions of law:

1. Plaintiff, as landlord, and Defendant, as tenant, entered into a written month to month tenancy ("Lease") effective February 28, 1990, for $183.00 per month. Plaintiff received rental subsidies directly from H.U.D. for the tenancy.

2. Rent was recomputed to $258.00 per month in March, 1990.

3. Paragraph 23c of the Lease required Plaintiff to give Defendant written notice prior to termination of the tenancy. That notice had to (a) specify the date the Lease would be terminated; and (b)

advise the tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the landlord. The 10-day period will begin on the earlier of the date the notice was hand-delivered to the unit or the day after the date the notice is mailed. If the tenant requests the meeting, the landlord agrees to discuss the proposed termination with the tenant. . .

The 10 day discussion period dictated by the parties' H.U.D.-approved Lease is no longer required by statutory or regulatory law. *See* 24 C.F.R. 886.128 (1985).

4. Defendant failed to pay rent in October, 1990. The Court finds that she failed to prove a tender was rejected by Plaintiff.

5. On November 7, 1990, Plaintiff posted and mailed to Defendant a "Notice of Failure to Pay Rent" ("Notice").

6. The Notice began as a three day state statutory notice, informing Defendant that she had until November 15, 1990 (actually 5 business days) to pay the two months' overdue rent or vacate. The Notice then stated that

you have 10 days within which to discuss the proposed termination of tenancy with the Landlord. The 10 day period will begin on the earlier date in which the Notice was hand delivered to the unit or the day after the Notice is mailed. However, Landlord will proceed to terminate the tenancy after expiration of the 3 day notice provision required under Florida law.

7. Under Florida law if a tenant fails to pay rent when due the landlord must deliver a written demand for payment or possession substantially in the form dictated by Florida Statutes Section 83.56(3) to terminate the tenancy. That form requires the landlord to notify the tenant (a) of the amount of back rent owed; (b) of the address of the

**139**

unit; (c) that the tenant must pay the back rent within three business days or vacate; and (d) of the date of the notice. The last two requirements permit the tenant to compute the lease termination date.

8. By federal regulation a landlord's determination to terminate a H.U.D.-subsidized tenancy must be in writing and

(1) state that the tenancy is terminated on a date specified therein; (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense; [and] (3) advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense . . .

24 C.F.R. Section 247.4(a)

9. A landlord may combine the requirements of federal and state law into a single notice if the requirements of both are met. *Crossroads Somerset Ltd. v Newland,* 531 N.E.2d 327 (Ohio App. 1987). Obviously, any additional requirements imposed by the parties' lease as a condition precedent to termination must also be met.

10. The Notice given here is insufficient under both federal and state law and the parties' Lease. It fails to adequately notify Defendant of the date Plaintiff seeks to terminate the tenancy if rent is not paid, in contravention of both Florida Statutes Section 83.56(3) and 24 C.F.R. Section 147.4(a). It fails, too, to afford Defendant a meaningful opportunity to discuss ways the breach may be cured prior to Lease termination, as specifically required by the Lease. *See Crossroads Somerset Ltd. v Newland,* 531 N.E. 2d 317, 331-332 (Ohio App. 1987) where the Court stated:

clearly that purpose envisions a meeting between landlord and tenant in which both parties attempt to resolve whatever problems gave rise to the ten-day notice. Contrary to that intent, plaintiff's notice specifically indicates that the meeting will be useless and that the tenant will be required to remove herself within ten days, despite the opportunity to request a meeting with the landlord. Hence, we agree that the ten-day notice herein is invalid. Though that Lease term may no longer be dictated by law, it remains a part of the parties' bargained for agreement. In sum, the Notice here simply did not adequately inform Defendant of Plaintiff's decision to terminate the Lease as of any specific date. It also deprived Defendant of her contractual right to a 10 day period to negotiate with Plaintiff for the Lease to continue.

Based on the foregoing, it is

140

**ORDERED AND ADJUDGED** that Plaintiff shall take nothing by this action and Defendant shall hence without day. The Court reserves jurisdiction to consider an award of attorney's fees to the prevailing party.

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida, this 19th day of February, 1991.